UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————

DEBORAH A. GREGORY,

               Plaintiff,

    -against-                  **MEMORANDUM AND ORDER**

                        07-CV-1531 (BMC)

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER,

               Defendant.

——————————————————————X

COGAN, United States District Judge:

      Plaintiff Deborah Gregory, brings this *pro se* action against defendant alleging violations of Title VII of the Civil Rights Act of 1964. Plaintiff seeks to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff is directed to pay the statutory filing fee of $350 within ten (10) days of the date of this Order in order to proceed with this action.

      The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004); Hobbs v. County of Westchester, et al., No. 00 Civ. 8170 (JSM), 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs, 2002 WL 868269, at *2 (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question

of whether a plaintiff qualifies for IFP status is within the discretion of the district court. Choi v. Chemical Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).

The financial declaration form that plaintiff has submitted does not satisfy the Court that she is unable to pay the Court's filing fee to commence this action. Plaintiff's financial declaration alleges that she is presently employed by the Woodhull Hospital Center with a monthly salary of $2,022.78. Plaintiff also states that she has a part-time job earning $9.00 an hour. In addition, plaintiff states that she has $1,525.23 in a checking account. For expenses, plaintiff alleges that she pays $812.67 per month for rent and is helping to support her fiancé by giving him $300 in support a month. Plaintiff's declaration establishes that she has sufficient resources to pay the $350 filing fee to commence this action, and her request to proceed IFP is therefore denied.

Accordingly, plaintiff must pay the $350 filing fee within ten (10) days of the date of this Order in order to proceed with this action. No summons shall issue at this time and all further proceedings shall be stayed for ten (10) days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Brian M. Cogan, USDJ

BRIAN M. COGAN
United States District Judge

Dated:  5/17/07
         Brooklyn, New York