UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

DEBORAH A. GREGORY,

                       *Plaintiff,*

    -against-

NEW YORK CITY HEATH & HOSPITALS CORP.,
BELLEVUE HOSPITAL CENTER,

                       *Defendants.*

------------------------------------------------------------------------- x

:   Civil Action No.
:   07 CV 1531 (BMC)(LB)

:   **ANSWER TO COMPLAINT**

:

:

:

:

Defendants New York City Health and Hospitals Corporation ("HHC") and Bellevue Hospital Center ("Bellevue") (collectively referred to herein as "Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, allege as follows:

1(a).   Deny the allegations contained in the first unnumbered paragraph of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

1(b).   Deny the allegations contained in the second unnumbered paragraph of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

1(c).   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2.   Deny the allegations contained in paragraph "2" of the Complaint, except admit that Bellevue Hospital Center is located at 462 First Avenue, New York, New York 10016.

3.   Deny the allegations contained in paragraph "3" of the Complaint, except admit that Plaintiff is employed by HHC and until July 8, 2005, was assigned to Bellevue as a Coordinating Manager, which is located at 462 First Avenue, New York, New York, and that she

is presently working at Woodhull Hospital Center, located at 760 Broadway, Brooklyn, New York, as a Coordinating Manager.

4.     Deny the allegations contained in paragraph "4" of the Complaint.

5.     Deny the allegations contained in paragraph "5" of the Complaint.

6.     Deny the allegations contained in paragraph "6" of the Complaint.

7.     As paragraph "7" of the Complaint does not contain any factual allegations, no response is required thereto. To the extent that the Court requires a response to paragraph "7," Defendants deny the allegations contained in this paragraph.

8.     Deny the allegations contained in paragraph "8" of the Complaint.

8(a).   Deny the allegations contained in paragraph "8a" of the Complaint, except admit that an audit was conducted on July 25, 2001 by the New York City Comptroller's Office, that Pierre Dubose's in-house title was Comptroller and Chair of the Research Committee, and he was appointed on or about May 5, 1986, that plaintiff's in-house title was Clinical Research Coordinator and that she received an overall rating of "Superior" on her Managerial Performance Appraisal for the period of July 1, 2003 through June 30, 2004, and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.[1]

8(b).   Deny the allegations contained in paragraph "8b" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Dubose had a discussion with Dr. Edmund Funai regarding the NYC Comptroller's recommendations and respectfully refer the Court to the document cited there in for a complete and accurate statement of its contents.

---

[1] In paragraph "8" of the Pro se complaint, plaintiff references a six-page attachment, which she alleges are her claims in this action. Due to the substantial length of this attachment and to permit a coherent response, Defendant has numbered the sub-paragraphs contained in this paragraph. For the Court's convenience, a copy of the numbered attachment is annexed hereto as Exhibit "A."

8(c). Deny the allegations contained in paragraph "8c" of the Complaint, except admit that in or around January 2002, Dr. Edmund Funai was responsible for reviewing adverse events and respectfully refer the Court to the document cited there in for a complete and accurate statement of its contents.

8(d). Deny the allegations contained in paragraph "8d" of the Complaint, except admit that Laura Zabriskie sent an e-mail to Dr. Manheimer on August 6, 2002, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

8(e). Deny the allegations contained in paragraph "8e" of the Complaint, except admit that Dr. Manheimer asked Dr. Lloyd Wasserman to review the adverse events after Dr. Edmund Funai left Bellevue, that plaintiff had met with Linda Landesman, Assistant Vice President for the Office of Professional Services, and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(f). Deny the allegations contained in paragraph "8f" of the Complaint, except admit that on or about September 30, 2003, Plaintiff filed discrimination charges with the New York State Division of Human Rights against HHC and Bellevue Hospital Center and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the reasons plaintiff filed the discrimination charges and respectfully refer the Court to the document cited therein for a complete and accurate statement of its content.

8(g). Deny the allegations contained in paragraph "8g" of the Complaint, except admit that in or about October 2003, plaintiff had a meeting with Aaron Cohen, Chief Financial Officer, and Brenda Chapman, the former Director of Human Resources, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

8(h). Deny the allegations contained in paragraph "8h" of the Complaint, except admit that on or about November 17, 2003, HHC's Office of the Inspector General sent plaintiff a letter

concerning a complaint they received from plaintiff and deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff went to the Office of the Inspector General to file a complaint on November 17, 2003 and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(i). Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8i" of the Complaint.

8(j). Deny the allegations contained in paragraph "8j" of the Complaint, except admit that in or about April 2004, the Clinical Research Department was reorganized, that Dr. Manheimer oversaw the Clinical Research Department, and Laura Zabriskie, the Associate Director of Finance, was no longer required to review and approve protocols.

8(k). Deny the allegations contained in paragraph "8k" of the Complaint.

8(l). Deny the allegations contained in paragraph "8l" of the Complaint, except admit that Dr. Manheimer met with plaintiff in or about April 2004 to discuss plaintiff's assignments and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(m). Deny the allegations contained in paragraph "8m" of the Complaint, except admit that on or about April 15, 2004, plaintiff sent Dr. Eric Manheimer an email and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(n). Deny the allegations contained in paragraph "8n" of the Complaint, except admit that on or about April 22, 2004, Dr. Manheimer sent plaintiff an e-mail and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

8(o). Deny the allegations contained in paragraph "8o" of the Complaint, except admit that Dr. Manheimer, as part of his responsibilities as Medical Director, had meetings with certain members of the Research Committee, including plaintiff.

8(p). Deny the allegations contained in paragraph "8p" of the Complaint, except admit that in or around July 2004, Dr. Manheimer had met with plaintiff to discuss her assignments and on July 1, 2004, Plaintiff's annual salary was $57,006.

8(q). Deny the allegations contained in paragraph "8q" of the Complaint and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(r). Deny the allegations contained in paragraph "8r" of the Complaint, except admit that Ernesto Marrero was appointed by Dr. Manheimer as the Director of Research in or about September 2004 and that the Director of Security reported to Mr. Marrero.

8(s). Deny the allegations contained in paragraph "8s" of the Complaint, except admit that plaintiff met with Mr. Marrero in September 2004.

8(t). Deny the allegations contained in paragraph "8t" of the Complaint, except admit that on March 7, 2003, plaintiff was appointed as a member of the New York University Institutional Research Board of Associates by Dr. Robert M. Glickman and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

8(u). Deny the allegations contained in paragraph "8u" of the Complaint, except admit that on or about December 9, 2004, plaintiff sent Mr. Marrero an email and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(v). Deny the allegations contained in paragraph "8v" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff contacted and met with Mary Thompson and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(w). Deny the allegations contained in paragraph "8w" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth concerning whether and why

plaintiff allegedly spoke with several media outlets and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(x).   Deny the allegations contained in paragraph "8x" of the Complaint, except admit that from March 12, 2005 to June 6, 2005, plaintiff was out on sick leave and deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning what plaintiff did with her paycheck after receiving it.

8(y).   Deny the allegations contained in paragraph "8y" of the Complaint, except admit that Mr. Marrero sent plaintiff an e-mail on June 7, 2005, that in June or early July 2005, plaintiff had met with Brenda Chapman and Wavney Wintz to discuss plaintiff's transfer and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(z).   Deny the allegations contained in paragraph "8z" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning why that agreed to the transfer and admit that Mr. Marrero gave plaintiff, Setira Simmons, and Andy Vereeraj the responsibility of signing approval letters that were given to the Principal Investigator.

8(aa).   Deny the allegations contained in paragraph "8aa" of the Complaint, except admit that Plaintiff was informed by a letter dated July 8, 2005 that she was being transferred to Woodhull Hospital Center and deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning plaintiff's feeling as to whether the transfer was warranted.

8(bb).   Deny the allegations contained in paragraph "8bb" of the Complaint and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

8(cc).   Deny the allegations contained in paragraph "8cc" of the Complaint, except admit

that on or about July 19, 2005, plaintiff filed a complaint with the New York State Division of Human Rights against HHC and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

8(dd).   Deny the allegations set forth in paragraph "8dd" of the Complaint, except admit that plaintiff had contacted Julie Black to complain that Bellevue security had a picture of plaintiff and deny knowledge or information sufficient to form a belief as to the truth concerning the allegations that plaintiff received a telephone call from Michelle Watkins and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

8(ee).   Deny the allegations contained in paragraph "8ee" of the Complaint, except admit that plaintiff was originally hired by HHC on or about October 27, 1970 and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's feelings.

8(ff).   Deny the allegations contained in paragraph "8ff" of the Complaint, except admit that on or about September 25, 2006, plaintiff filed a charge of discrimination against Woodhull with the United States Equal Employment Opportunity Commission ("EEOC") and respect fully refer the Court to the document cited therein for a complete and accurate statement of its contents.

8(gg).   Deny the allegations contained in paragraph "8gg" of the Complaint, except admit that on or about January 4, 2007, the EEOC issued plaintiff a right-to-sue letter.

9.   Deny the allegations contained in paragraph "9" of the Complaint, except admit that on or about July 19, 2005, plaintiff filed a charge of discrimination with the New York State Division of Human Rights.

10.   As paragraph "10" of the Complaint does not contain any factual allegations, no

response is required thereto.

11. As paragraph "11" of the Complaint does not contain any factual allegations, no response is required thereto.

12. Deny the allegations contained in paragraph "12" of the Complaint, except admit that on or about January 4, 2007, the Equal Employment Opportunity Commission has issued a Right to Sue letter.

### AS AND FOR A FIRST DEFENSE

13. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

14. The Complaint is barred, in whole or in part, to the extent it relies upon events occurring beyond the applicable statute of limitations.

### AS AND FOR A THIRD DEFENSE

15. All actions taken by Defendant were based upon legitimate, non-discriminatory reasons unrelated to Plaintiff's race, speech, purported disability, or filing of a discrimination charge.

### AS AND FOR A FOURTH DEFENSE

16. The Complaint is barred, in whole or in part, by Plaintiff's failure to satisfy statutory conditions precedent to suit.

### AS AND FOR A FIFTH DEFENSE

17. This Court may lack subject matter jurisdiction over any Title VII claims contained in the Complaint which were not also contained in plaintiff's charge of discrimination filed with the EEOC.

## AS AND FOR A SIXTH DEFENSE

18.     Defendants exercised reasonable care to prevent and promptly correct any harassment by any supervisor, if any, and plaintiff unreasonably failed to avail herself of corrective or preventative opportunities, or to avoid harm otherwise.

## AS AND FOR A SEVENTH DEFENSE

19.     HHC has not adopted any policy, practice, or custom violative of Plaintiff's rights.

## AS AND FOR AN EIGHTH DEFENSE

20.     At all times relevant to the acts alleged in the Complaint, defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

## AS AND FOR A NINTH DEFENSE

21.     At all time relevant to the acts alleged in the Complaint, HHC, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, it is entitled to governmental immunity from liability.

## AS AND FOR A TENTH DEFENSE

22.     Plaintiff failed to provide HHC with proper and timely notice of the claim for the damages alleged.

## AS AND FOR A ELEVENTH DEFENSE

23.     Defendants did not violate any rights, privileges or immunities under the Constitution or laws of the United States and/or the State of New York or any political subdivision thereof.

## AS AND FOR A TWELFTH DEFENSE

24.     The complaint is barred, in whole or in part, as a result of plaintiff's failure to comply with all the conditions precedent for commencing this action.

## AS AND FOR A THIRTEENTH DEFENSE

25.     Any injuries suffered by plaintiff are the result of her own culpable and/or negligent conduct.

## AS AND FOR A FOURTEENTH DEFENSE

26.     Defendants HHC and Bellevue are not subject to an award for punitive damages.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety and awarding Defendants their costs, fees and disbursements incurred in defending this action and such other and further relief as to the Court seems just and proper.

Dated: New York, New York
       July 19, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-170
New York, New York 10007
212-788-1158

By:_____
       Daniel Chiu (DC-3381)
       Assistant Corporation Counsel

To:     Deborah A. Gregory, *pro se*
        751 St. Marks Avenue, B16
        Brooklyn, New York 11216
        646-591-1837